UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
THE MEMBERS OF THE BOARD OF TRUSTEES
OF THE LOCAL 1102 RETIREMENT TRUST,

                      Plaintiffs,

              v.

JERR SHOES, INC., et al.,

                      Defendants.
-----------------------------------------------------------------X

**MEMORANDUM AND ORDER**
25-CV-5961-SJB-ST

**BULSARA, United States District Judge:**

      Plaintiffs, The Members of the Board of Trustees of the Local 1102 Retirement Trust, have requested a sum certain default judgment pursuant to Federal Rule of Civil Procedure 55(b)(1). (*See* Pls.' Req. for Issuance of Default J. by the Clerk dated Jan. 7, 2026 ("Pls.' Req."), Dkt. No. 9). For the reasons below, the request for a sum certain default is denied without prejudice to renew as a motion for default judgment under Rule 55(b)(2).

      "A claim is not a sum certain unless there is no doubt as to the amount to which a plaintiff is entitled as a result of the defendant's default." *KPS & Assocs., Inc. v. Designs By FMC, Inc.*, 318 F.3d 1, 19 (1st Cir. 2003). The cases that fall into that category are exceptionally narrow: they involve "actions on money judgments, negotiable instruments, or similar actions where the damages sought can be determined without resort to extrinsic proof." *Bricklayers & Allied Craftworkers Loc. No. 3, New York, AFL-CIO (Rochester Chapter) v. Precision Concrete & Masonry, Inc.*, No. 16-CV-6035, 2018 WL 4090331, at *2 (W.D.N.Y. Aug. 28, 2018) (quotation omitted). "If a claim is not for a sum

certain, the plaintiff must apply to the court for entry of default judgement under Rule 55(b)(2)." *Id.* (citing *Priestley v. Headminder, Inc.*, 647 F.3d 497, 504–05 (2d. Cir. 2011)); *Trs. of Loc. 1034 Pension Tr. Fund v. Superior Limousine Serv., Inc.*, No. 22-CV-5684, 2023 WL 11885063, at *3 (E.D.N.Y. July 21, 2023) ("Where the amount of damages owed requires a judicial finding, a default judgment may be entered once the court has conducted a hearing or made a referral to determine the question of damages." (citing Fed. R. Civ. P. 55(b)(2))), *report and recommendation adopted*, Order (Aug. 23, 2023).

In a claim for unpaid contributions under the Employee Retirement Income Security Act, which Plaintiffs note is treated in the same manner as an unpaid withdrawal liability claim such as this, (Decl. of Matthew P. Rocco in Supp. of Pls.' Req. for Issuance of Default J. dated Jan. 7, 2026, attached to Pls.' Req. as Attach. 1, Dkt. No. 9-1 ¶ 25), courts in this Circuit generally require plaintiffs seeking a default judgment to proceed through Rule 55(b)(2), with an application to the court, which includes a memorandum of law. *See Bricklayers & Allied Craftworkers*, 2018 WL 4090331, at *3 ("After an exhaustive search of Second Circuit caselaw, this Court found only one other analogous case where the court awarded a 'sum certain' to plaintiffs under Rule 55(b)(1)."). And Plaintiffs do not provide the Court with information as to the calculation of the withdrawal liability amount. *See Trs. of Loc. 1034 Pension Tr. Fund*, 2023 WL 11885063, at *3 n.11 (finding that plaintiffs' withdrawal liability claims were also "not well suited to recovery for a sum certain" because plaintiffs never explained how they calculated the amount due and did not satisfy their burden of establishing

their right to recover—even where the court would not make an independent determination as to the reasonableness of the plan sponsor's assessment).

Accordingly, Plaintiffs' request is denied. Plaintiffs are directed to file a motion for default judgment, consistent with Federal Rule of Civil Procedure 55(b)(2) and Local Rule 55.2, by **March 13, 2026**.

                                                                            SO ORDERED.

                                                                            */s/ Sanket J. Bulsara*
                                                                            SANKET J. BULSARA
                                                                            United States District Judge

Date:   January 12, 2026
            Central Islip, New York